IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CHRISTOPHER ROBIN WINGARD, ) | |
| AIS #193400, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:09-CV-368-WHA |
| ) | [WO] |
| ) | |
| CHILTON COUNTY TASK FORCE, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

Christopher Robin Wingard ["Wingard"], a state inmate, filed the complaint in this 42 U.S.C. § 1983 challenging actions taken against him during his arrest and subsequent confinement in the Chilton County Jail. Specifically, Wingard complains that the officer assigned to the Chilton County Task Force who arrested him on March 11, 2009 caused him to re-injure his arm. Wingard also asserts that he received inadequate medical treatment for this injury while incarcerated in the Chilton County Jail. Wingard seeks declaratory relief and monetary damages for the alleged violations of his constitutional rights.

Upon review of the allegations contained in the complaint, the court concludes that the plaintiff's claims against the Chilton County Task Force are due to be dismissed prior

to service of process pursuant to the provisions of  28 U.S.C.§ 1915(e)(2)(B)(i).[1]

## II.  DISCUSSION

### A.  The Chilton County Task Force

The law is well-settled that a county task force "is not a legal entity and, therefore, is not subject to suit or liability under section 1983." *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992).  In light of the foregoing, the court concludes that Wingard's claim against this defendant is due to be summarily dismissed as frivolous in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i).  *Id.*

### B.  Use of Force During Arrest [2]

Wingard advises that he had surgery on his arm in February of 2009.  Wingard asserts that "on March 11, 2009 [the arresting officer] put hand cuffs on my arms behind my back, I was on the ground."  *Plaintiff's Complaint - Court Doc. No. 1* at 3.  Wingard

---

[1] The court granted Wingard leave to proceed *in forma pauperis*.  *Court Doc. No. 10*.  A prisoner who is allowed *in forma pauperis* status is due to have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B) which requires this court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

[2] Regardless of Wingard's status at the time of his arrest, the applicable standard of review remains the same. *Bell v. Wolfish*, 441 U.S. 520, 99 S.Ct. 1861 (1979); *Lancaster v. Monroe County, Ala.*, 116 F.3d 1419, 1425 n.6 (11th Cir. 1997); *Cottrell v. Caldwell*, 85 F.3d 1480, 1490 (11th Cir. 1996) (citations omitted) ("Claims involving the mistreatment of arrestees or pretrial detainees in custody are governed by the Fourteenth Amendment's Due Process Clause instead of the Eighth Amendment's Cruel and Unusual Punishment Clause, which applies to such claims by convicted prisoners....  However, the applicable standard is the same, so decisional law involving prison inmates applies equally to cases involving arrestees or pretrial detainees."); *Hamm v. DeKalb County*, 774 F.2d 1567, 1574 (11th Cir. 1985), *cert. denied*, 475 U.S. 1096, 106 S.Ct. 1492 (1986) (For analytical purposes, there is no meaningful difference between the analysis required by the Fourteenth Amendment and that required by the Eighth Amendment.); *Tittle v. Jefferson County Commission*, 10 F.3d 1535, 1539 (11th Cir. 1994) (observing that "[w]hether the alleged violation is reviewed under the Eighth or Fourteenth Amendment is immaterial.").

complains that the officer "grabbed me by the left hand and fingers and pulled me off the ground [which] tore my ligament back loose." *Id.*

The Eighth Amendment prohibition against cruel and unusual punishment is triggered when a prisoner is subjected to an "unnecessary and wanton infliction of pain." *Whitley v Albers*, 475 U.S. 312, 319 (1986). The Supreme Court held in *Hudson v. McMillian*, 503 U.S. 1 (1992), that "whenever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry [in determining whether a prisoner has suffered unnecessary and wanton pain] is ... whether the force was applied ... maliciously and sadistically to cause harm." *Id*. at 6.

"Not every push or shove ... violates a prisoner's or [detainee's] constitutional rights." *Johnson v. Glick*, 481 F.2d 1028, 1033 (2nd Cir. 1973), *cited with approval in Hudson v. McMillian*, 503 U.S. 1, 9 (1992).  An excessive force claim "necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not a sort 'repugnant to the conscience of mankind.'" *Hudson*, 503 U.S. at 9-10, quoting *Whitley v. Albers*, 475 U.S. 312, 327 (1986); *Harris v. Chapman,* 97 F.3d 499, 505 (11th Cir.1996) (the application of *de minimis* force, without more, does not present a claim cognizable under the Eighth Amendment).  The physical contact about which Wingard complains alleges, at best, a "*de minimis* use[] of physical force" which is excluded from "[t]he Eighth Amendment's prohibition of 'cruel and unusual' punishments"

3

as such contact "is not of a sort 'repugnant to the conscience of mankind.'" *Hudson*, 503 U.S. at 9-10; *Anderson v. Sullivan*, 702 F.Supp. 424 (S.D.N.Y. 1988) (officer who pushed prisoner into a bar and put his hands behind his back to apply handcuffs did not administer excessive force).

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The plaintiff's claims against the Chilton County Task Force be dismissed with prejudice in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

2. The Chilton County Task Force be dismissed as a defendant in this cause of action.

3.  This case be referred back to the undersigned for additional proceedings regarding the plaintiff's claim of inadequate medical treatment during his confinement in the Chilton County Jail.

It is further

ORDERED that on or before October 6, 2009 the parties may file objections to the Recommendation.  Any objections filed must clearly identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the

Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 24th day of September, 2009.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE