IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

CHRISTOPHER ROBIN WINGARD,  )
AIS #193400,                )
                            )
        Plaintiff,          )
                            )
                            )
    v.                      )   CIVIL ACTION NO. 2:09-CV-368-WHA
                            )                [WO]
                            )
CHILTON COUNTY JAIL DOCTOR, )
                            )
        Defendant.          )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

## I.  INTRODUCTION

Christopher Robin Wingard ["Wingard"], a state inmate, filed this 42 U.S.C. § 1983 challenging actions taken against him during his arrest and subsequent confinement in the Chilton County Jail. The claim remaining before this court challenges the medical treatment provided to Wingard during his incarceration in the Chilton County Jail.

Pursuant to the orders of this court, the defendant filed a written report, supported by relevant evidentiary materials, in which he addresses the claim for relief presented by Wingard. The report and evidentiary materials refute the conclusory allegations presented in the instant cause of action.  Specifically, these documents indicate that the defendant provided adequate medical treatment to the plaintiff for his arm/hand injury including several examinations of the plaintiff by the jail's medical staff and referral to a free-world orthopedic surgeon for evaluation.  The court thereafter issued an order directing Wingard

to file a response in opposition to the defendant's written report.  *Order of November 16, 2009 - Court Doc. No. 30*.  The order advised Wingard that his failure to respond to the defendant's written report would be treated by the court "**as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action**."  *Id*. at 1 (emphasis in original).  Moreover, the order "**specifically cautioned [the plaintiff] that [his failure] to file a response in compliance with the directives of this order**" would result in the dismissal of this civil action.  *Id*.  The time allotted Wingard for filing a response in compliance with the directives of the aforementioned order expired on December 7, 2009.  As of the present date, Wingard has filed nothing in opposition to the defendant's written report.  In light of the foregoing, the court concludes that this case should be dismissed.

The court has reviewed the file in this case to determine whether a less drastic measure than dismissal is appropriate.  After such review, it is clear that dismissal of this case without prejudice is the proper course of action.  Wingard is an indigent state inmate.  Thus, the imposition of monetary or other punitive sanctions against him would be ineffectual.  Additionally, Wingard has exhibited a lack of deference for this court and its authority as he has failed to comply with the directives of the orders entered in this case.  It is therefore apparent that any additional effort by this court to secure Wingard's compliance would be unavailing.  Consequently, the court concludes that the plaintiff's abandonment of his claims, his failure to comply with the orders of this court and his

failure to properly continue prosecution of this cause of action warrant dismissal of this case.

## CONCLUSION

For the foregoing reasons, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice.  It is further

ORDERED that on or before January 5, 2009 the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements contained in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc*., 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 22nd day of December, 2009.


/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE